UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK A. DORBECK, individually
and derivatively on behalf of GALLEON
INTERNATIONAL CORPORATION, and
GALLEON INTERNATIONAL
CORPORATION, nominal plaintiff,

    Plaintiffs,                              CASE NO. 09-cv-14646
                                            HON. LAWRENCE P. ZATKOFF

v.

FRANK SYKORA, DAVID PARSONS,
and GALLEON INTERNATIONAL
CORPORATION, nominal and
substantive defendant,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on August 16, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants' Motion for Summary Judgment Based on Judicial Estoppel (Docket #8). Plaintiffs filed a response, to which Defendants replied. The Court finds that the facts and legal arguments pertinent to Defendants' Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that Defendants' Motion be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Defendants' Motion is GRANTED.

## II. BACKGROUND

On June 27, 2007, Mark Dorbeck and Susan Dorbeck, husband and wife, filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code in the U. S. Bankruptcy Court for the Eastern District of Michigan, Case No. 07-32053. The Dorbecks certified under penalty of perjury that they had not knowingly and fraudulently concealed assets, or otherwise made a false oath or statement, in their Chapter 13 petition. In Schedule B (Personal Property) to their petition, the Dorbecks represented that they had no stock or other interests in incorporated or unincorporated businesses. In the same Schedule B, the Dorbecks represented that they held no patents, copyrights or other intellectual property. In Schedule I (Current Income Of Individual Debtors), Mark Dorbeck represented that he was "Self-Employed," and had no monthly income other than "Family Help" in an amount of $1,100.00 per month. Under penalty of perjury, the Dorbecks verified as true and correct all representations contained in the schedules to the petition. The Dorbecks' bankruptcy case was closed on August 5, 2009, based on a July 27, 2009 order discharging the Dorbecks from bankruptcy.

In the instant cause of action, Plaintiffs allege in their Complaint that Mark Dorbeck: (a) is a shareholder of Galleon International Corporation ("Galleon") who owns 178,000 shares of Galleon stock, the same number of Galleon shares he has owned since November 23, 2005; (b) was the president and a member of the board of directors of Galleon from November 2005 through June 17, 2009; (c) is one of the inventors and co-owners of the patents related to Galleon's business, *i.e.*, the Metalworking and Machining Fluid Patent, the NFC Hard Drive Patent, and the NFC High Performance Hard Drive Patent ("the Galleon patents"); and (d) is entitled to salary and dividends from Galleon for his work on its behalf since Galleon's formation in November 2005. Mark

Dorbeck also is, and has been since 2002, a principal of Pivotal Technologies, LLC ("Pivotal Technologies").

## II. LEGAL STANDARD

As recently stated by the Sixth Circuit:

> Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). In considering a motion for summary judgment, we must draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

*Spees v. James Marine, Inc.*, – F.3d –, Case No. 09-5839 (6th Cir., August 10, 2010).

## III. ANALYSIS

Defendants assert that Plaintiffs' cause of action should be dismissed with prejudice based on the doctrine of judicial estoppel.

**A.     The Doctrine of Judicial Estoppel**

The doctrine of judicial estoppel is equitable, and its application is discretionary with the Court. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). The Sixth Circuit explained the doctrine of judicial estoppel in *Teledyne Industries, Inc. v. NLRB*, 911 F.2d 1214, 1217-18 (6th Cir. 1990), as follows:

> The doctrine of judicial estoppel forbids a party "from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding." *Reynolds v. Commissioner of Internal Revenue*, 861 F.2d 469, 472-73 (6th Cir.1988) (citations omitted). Judicial estoppel is an equitable

3

> doctrine that preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment. *See Scararo v. Central R.R.*, 203 F.2d 510, 513 (3d Cir.1953) (judicial estoppel precludes a party from "playing fast and loose with the courts"). In order to invoke judicial estoppel, a party must show that the opponent took a contrary position under oath in a prior proceeding and that the prior position was accepted by the court. *Reynolds,* 861 F.2d at 472-73.

**B.     Analysis**

In the context of a prior bankruptcy proceeding, it has been said:

> A long-standing tenet of bankruptcy law requires one seeking benefits under its terms to satisfy a companion duty to schedule, for the benefit of creditors, <u>all his interests and property rights</u>. *In Re Hannan*, 127 F.2d 894 (7th Cir. 1942).

*Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 570, 571 (1st Cir. 1993) (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 (3d Cir.), *cert. denied*, 488 U.S. 967 (1988)) (emphasis added). Defendants argue that this case mirrors a recent decision of the Northern District of Ohio in *Jackson v. Communicare Health Services*, 2009 WL 455410 (N.D.Ohio), where the court barred a plaintiff from pursuing a civil action when the claims asserted in such civil action had not been disclosed as an asset in her Chapter 13 bankruptcy. In *Communicare*, the actions that formed the basis of the plaintiff's claims in the civil action (alleged employment discrimination by the defendant employer) had transpired prior to the filing of the plaintiff's bankruptcy petition.

The Court concludes that the instant case does not mirror *Communicare*. Mark Dorbeck (and his wife) could not have foreseen the litigation claims Plaintiffs have asserted in the instant cause of action because Mark Dorbeck was still president and a director of Galleon and nothing had transpired to indicate that would change. In other words, at the time the Dorbecks filed their

4

bankruptcy petition, Mark Dorbeck was not aware that he would be ousted as president and director of Galleon or that he would be bringing a shareholder derivative suit as a result of that ouster. In fact, Dorbeck was not ousted from Galleon until June 17, 2009, which was: (1) two years after he filed his voluntary Chapter 13 bankruptcy petition, (2) five months after the bankruptcy trustee had filed its notice that all bankruptcy plan payments had been made, (3) just days before the bankruptcy trustee entered his final report and account and requested that a final decree closing the case be entered, and (4) only six weeks before the bankruptcy court entered an order discharging the Dorbecks from bankruptcy.

Although Mark Dorbeck did not hide pending or foreseeable litigation claims from his creditors during his bankruptcy proceedings, the Court nonetheless concludes that this is an appropriate case for applying the doctrine of judicial estoppel to bar Plaintiffs' claims. In filing their Chapter 13 petition and during the two-plus years their bankruptcy was open, the Dorbecks did not disclose: (a) Mark Dorbeck's ownership interest in two companies, (b) Mark Dorbeck's interest in at least one patent (and possibly two additional patents) and (c) the right to salary and dividends that Plaintiffs now assert Mark Dorbeck is owed. In other words, the Dorbecks failed to disclose several of Mark Dorbeck's assets that they were required to disclose when preparing and filing their Chapter 13 petition. Although the Dorbecks hid personal property interests rather than pending or foreseeable litigation claims, the Court is not persuaded that the principles involved require different analysis. Most importantly, the failure to disclose a known corporate ownership and known alleged interest in a patent (or three of them), like the failure to list a known claim, involves: (a) misrepresentation(s) by the party seeking bankruptcy protection, and (b) harm to the party's creditors because they are not aware of all the assets held by such party. The fact that an asset is a

5

litigation claim, ownership of a corporate interest, a patent interest, real property or something else of value is irrelevant; what is significant is that there is a known asset and that the asset is disclosed for the benefit of the creditors. Accordingly, the Court concludes that the Dorbecks' failure to disclose Mark Dorbeck's corporate ownership and patent interests involves the same principles, and is subject to the same analysis, as the failure to disclose litigation claims.

In this case, the representations made by Mark Dorbeck and Susan Dorbeck in their Chapter 13 bankruptcy petition, representations made under penalty of perjury and accepted by the bankruptcy court, are in direct conflict with positions Plaintiffs are taking in this civil action. *See Reynolds*, 861 F.2d at 472-73. Most significantly, the Dorbecks failed to disclose in their bankruptcy petition that:[1]

a. Mark Dorbeck owned 178,000 shares in Galleon International Corporation, shares that he had held since Galleon's formation in November 2005;

b. Mark Dorbeck claimed an ownership interest in the Galleon patents and he anticipated future compensation in exchange for his assignment of such claimed ownership interest to Galleon; and

c. Mark Dorbeck was president and board member of Galleon from November 2005 through June 17, 2009.

---

[1] At the time the bankruptcy petition was filed, Galleon was not making a profit or paying much, if any, salary (the Court notes that Defendants have not contended that Mark Dorbeck was receiving any salary and there were no dividends paid prior Mark Dorbeck's ouster from Galleon). Thus, the fact that Mark Dorbeck now claims that he is entitled to dividends and salary from Galleon by reason of his involvement with Galleon is not inconsistent with his failure to identify any Galleon salary or dividends in 2007, 2008 or 2009. The Court also finds that Mark Dorbeck's failure to disclose his interest in Pivotal Technologies, a Michigan limited liability company in the business of manufacturing and selling lubricants and drawing compounds, although perhaps more deceptive and significant with respect to his bankruptcy petition non-disclosures, does not directly relate to the issues in this case. The failure to list his interest in Pivotal Technologies, however, is clear evidence that the Dorbecks non-disclosure of Mark Dorbeck's corporate and/or limited liability company ownership interests was intentional.

Plaintiffs do not dispute that Mark Dorbeck failed to disclose the foregoing items, but they argue that the Dorbecks Chapter 13 petition satisfied both exceptions to the judicial estoppel doctrine: (1) the debtor lacks knowledge of the factual basis of the undisclosed claim [asset]; and (2) the debtor has no motive for concealment. *See Eubanks v. CBSK Fin. Group*, 385 F.3d 894, 898 (6th Cir. 2004). The Court concludes, however, that the Plaintiffs (the Dorbecks) did not and cannot satisfy either exception.

First, Plaintiffs' contention that the Dorbecks inadvertently and unintentionally omitted Mark Dorbeck's shares of Galleon stock (and his membership interest in Pivotal Technologies) from the Chapter 13 petition is not credible. Mark Dorbeck clearly had knowledge of his holdings in Galleon and Pivotal Technologies when the Chapter 13 bankruptcy petition was filed on June 27, 2007, as well as during the two-plus years the bankruptcy case remained open. The Annual Reports of Pivotal Technologies, which were filed by Mark Dorbeck with the Michigan Department of Labor & Economic Growth between 2007 - 2009, demonstrate that he knew of his holdings in that company. Likewise, the Court finds it implausible that Mark Dorbeck could have forgotten between 2007-09 that he held 178,000 shares of Galleon stock, particularly as Mark Dorbeck is the individual who determined the book value of such shares when Galleon was incorporated, only 20 months earlier.

Second, when filing the bankruptcy petition, the Dorbecks had motivation to hide Mark Dorbeck's holdings in Galleon and Pivotal Technologies, as well as his alleged ownership interest in the Galleon patents, from their creditors. That is true even if, as Plaintiffs assert, the Galleon stock could not have been sold to satisfy creditors, no patent had been issued at the time the petition was filed, and Mark Dorbeck was not receiving income from Galleon because Galleon had no

7

revenue stream. The Dorbeck creditors and the bankruptcy trustee had a right to know about all of the Dorbecks' assets so that the terms of the bankruptcy plan could be determined with all of the accurate information, including all of the Mark Dorbecks assets related to Galleon, which were not necessarily as worthless as Plaintiffs suggest.

For example, during the pendency of the Dorbecks' bankruptcy, Galleon was granted a patent (on August 1, 2008), a patent in which Mark Dorbeck asserts an interest. In addition, as determined by Mark Dorbeck himself, the book value of the shares of stock of Galleon was $7,000,000 as of November 2005, when Galleon was incorporated. Mark Dorbeck owned (and continues to own) 44.5% of Galleon's outstanding stock. With respect to both the patent and the Galleon stock owned by Mark Dorbeck, the Dorbecks' creditors had a right to know about such assets and determine how such assets should be weighed in considering the terms of the Dorbecks' bankruptcy plan that were acceptable to them. The Dorbecks' creditors had no ability to do this, however, because not only did the Dorbecks fail to identify the Galleon stock or alleged interest in the patent in their Chapter 13 petitioin, the Dorbecks did not even mention Galleon (or Pivotal Technologies) in their petition or any other document filed in relation thereto, even identifying Mark Dorbeck as "self-employed" rather than including any affiliation with Galleon (or Pivotal Technologies).

Plaintiffs argue that the Dorbecks made all payments to their pre-petition unsecured creditors under their bankruptcy plan, so there was no harm to those creditors. Even if that is true, however, that does not mean that the terms of repayment the Dorbecks reached with all of their creditors were not materially affected by the non-disclosure of Mark Dorbeck's Galleon and Pivotal Technologies holdings and patent interest(s). Most significantly, Plaintiffs' argument ignores the

8

fact that the Dorbecks surrendered a Florida condominium to their lenders, in lieu of foreclosure, without any representation to the Court that the condominium was worth at least as much as the outstanding balance on the Dorbecks' mortgage (which is highly unlikely in light of the fact that the property was purchased in 2005 and the Dorbecks had paid off only about $30,000 on the $412,000 loan).

The bottom line is this: (1) the Dorbecks knowingly misrepresented several critical matters when filing their Chapter 13 petition, and (2) Mark Dorbeck now seeks to recover what could be a substantial amount of money for the assets the Dorbecks denied having when they filed the bankruptcy petition. As stated by the court in *Payless Wholesale Distributors*, 989 F.2d at 571 (citation omitted):

> The basic principle of bankruptcy is to obtain a discharge from one's creditors in return for all one's assets, except those exempt, as a result of which creditors release their own claims and the bankrupt can start fresh. Assuming there is validity in [plaintiff's] present suit, it has a better plan. Conceal your claims; get rid of your creditors on the cheap, and start over with a bundle of rights. This is a palpable fraud that the court will not tolerate, even passively. ... This may not be strictly equitable estoppel, ... Indeed, defendants may have a windfall. However, it is an unacceptable abuse of judicial proceedings.

In this case, the Dorbecks concealed certain of their assets, got rid of some of their creditors on the cheap (*e.g.*, the lender on their Florida condominium, as discussed *infra*), and started over with a bundle of rights. Like the plaintiff in *Payless Wholesale Distributors*, the Court finds that the Dorbecks engaged in "a palpable fraud that the [C]ourt will not tolerate, even passively."

**C.     Conclusion**

The Court finds that the positions taken by the Dorbecks (namely Mark Dorbeck), under penalty of perjury, in the Dorbecks' Chapter 13 bankruptcy petition are in direct conflict with

9

positions taken by Plaintiffs (again, namely Mark Dorbeck) in the Complaint in this case. Allowing Plaintiffs to pursue their cause of action in light of the misrepresentations of Mark Dorbeck would only serve to condone "playing fast and loose with the courts," *Teledyne*, 911 F.2d at 1217-18 (citation omitted), and reward Mark Dorbeck (and his wife) for making false representations when filing their bankruptcy petition. Although the Court's ruling may result in a windfall for Defendants, the Dorbecks' abuse of the bankruptcy proceedings was unacceptable and will not be tolerated - or rewarded. Accordingly, the Court grants Defendants' motion for summary judgment and dismisses Plaintiffs' cause of action pursuant to the doctrine of judicial estoppel.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, the Court GRANTS Defendants' Motion for Summary Judgment Based on Judicial Estoppel (Docket #8) and dismisses Plaintiffs' cause of action with prejudice. Judgment shall be entered accordingly.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: August 16, 2010

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 16, 2010.

                                              S/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290